IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARGARTIO G.A.,<br><br>Petitioner,<br><br>vs.<br><br>TODD BLANCHE, *et al.*,<br><br>Respondents. | Civil No. 1:26-cv-03928-MWJS<br>ORDER GRANTING PETITION FOR<br>WRIT OF HABEAS CORPUS IN PART<br><br>A# 234-027-861 |

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS IN PART**

Petitioner Margarito G.A.[1] is an immigration detainee proceeding with a petition

for a writ of habeas corpus under 28 U.S.C. § 2241 (the "petition"), Dkt. No. 1.

For over twenty years, Petitioner has lived in the United States, having first

entered without inspection in 2001. Dkt. No. 1, at pg. 5. Since then, he has become the

father to two U.S.-citizen children and has started a business: a taco shop in Las Vegas,

Nevada. Given his ties to the community and his family, he contends he is not a flight

risk. *Id*. at pg. 10. On March 22, 2026, Petitioner was arrested in North Las Vegas,

Nevada for driving under the influence. He was transferred into ICE custody, where he

has remained since. Apart from that arrest, he has no other criminal history.

---

[1]    For reasons previously explained in *Sergio D.L.S. v. Warden, Cal. City Correctional Ctr.*, No. 1:26-cv-02821-MWJS, 2026 WL 1049713, at *1 n.1 (E.D. Cal. Apr. 17, 2026), only Petitioner's first name and the initials of his last name are used in this order.

Since he was taken into immigration detention, Petitioner filed a bond motion with the Adelanto Immigration Court and appeared for his bond redetermination hearing on April 29, 2026.  But the Immigration Judge denied Petitioner's bond request after determining that the Immigration Court lacked jurisdiction to conduct a bond hearing.  *Id*. at pg. 11.

Petitioner further contends that he is eligible for Cancellation of Removal; having established "continuous physical presence and good moral character, and [because] his removal would result in exceptional and extremely unusual hardship to his eighteen-year-old United States citizen son."  *Id*. at pg. 12.  Petitioner now invokes this court's habeas jurisdiction, contending, among other things, that he is entitled to a bond hearing under 8 U.S.C. § 1226(a).  *Id.* at pg. 8.  Petitioner seeks an order "finding that his continued detention is unlawful and directing the Respondents to release Petitioner, or in the alternative, to direct the Respondents to provide Petitioner with a bond hearing."  *Id*. at pg. 7.

This court and many others have granted relief in cases analogous to this one.  *See, e.g.*, *Anderson O.H.G. V. Johnson*, 1:26-cv-03248-MWJS, 2026 WL 1330831 (E.D. Cal. May 12, 2026); *Jose C.L.L. v. Chestnut*, No. 1:26-cv-03453-MWJS, 2026 WL 1275305 (E.D. Cal. May 7, 2026); *Francisco C.T. v. Warden, Cal. City Corr. Ctr.*, No. 1:26-cv-03308-MWJS, 2026 WL 1234218 (E.D. Cal. May 4, 2026); *Ixcox Chum v. Lyons*, No. 1:26-cv-02491-KES-EPG (HC), 2026 WL 950765 (E.D. Cal. Apr. 8, 2026).  The court has again considered

these precedents and concluded that they reached the correct result based on the current state of Supreme Court and circuit precedent. To resolve this case, therefore, the court need only determine whether there is any factual or legal basis to distinguish those prior decisions.

The court issued an order to show cause, calling on Respondents to identify "any factual or legal issues in this case that render it distinguishable from prior orders such as the ones listed above." Dkt. No. 8. The court appreciates Respondents' timely and candid response. Dkt. No. 10. Although Respondents maintain that Petitioner's detention is lawful under 8 U.S.C. § 1225(b)(2), they acknowledge that there do "that the matter is not substantively distinguishable from the prior orders." *Id.* at pgs. 1-2. Respondents do not oppose the court ruling directly on the petition, they do not request a hearing, and they do not intend to file any additional affirmative briefing. *Id.*

Given the lack of any factual or legal issues in this case that would distinguish it from the prior orders that this court has found persuasive, IT IS HEREBY ORDERED that the petition for writ of habeas corpus, Dkt. No. 1, is GRANTED in part, to the extent Petitioner contends in his first claim for relief that he is entitled by statute to a bond hearing. Respondents are ENJOINED AND RESTRAINED from continuing to detain Petitioner unless they demonstrate, within seven days of the date of this order, that Petitioner has received a bond hearing before a neutral decisionmaker in accordance with 8 U.S.C. § 1226(a) and its implementing regulations. Respondents shall

file a status report within ten days of the date of this order, confirming whether a bond

hearing has been held and, if so, the outcome of that hearing.

The Clerk of Court is directed to close this case and enter judgment for

Petitioner.

IT IS SO ORDERED.

DATED:  May 29, 2026, at Honolulu, Hawai'i.



/s/ Micah W.J. Smith

Micah W.J. Smith
United States District Judge

Civil No. 1:26-cv-03928-MWJS; *Margarito G.A. v. Blanche et al.*; ORDER GRANTING
PETITION FOR WRIT OF HABEAS CORPUS IN PART

4